UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MAURICE SOCRATES PINCKNEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:25-cv-129-CEA-MJD |
| COVENANT LOGISTICS GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Maurice Pinckney ("Plaintiff") filed this case pro se and without prepayment of fees against his former employer, Covenant Logistics Group, Inc. ("Defendant"). He is attempting to allege claims for employment-related discrimination and retaliation. Currently before the Court are Plaintiff's second amended complaint [Doc. 14], which is subject to screening pursuant to 28 U.S.C. § 1915(e), as well as Plaintiff's Motion to allow Late Filing of Proof of Service [Doc. 11] and Plaintiff's Motion for Leave to Re-Serve Defendant Due to Service Error & to Correct Defendant's Name, and to Refer Matter to Mediation [Doc. 13]. As set forth below, the Court will recommend that Plaintiff's second amended complaint [Doc. 14] be **DISMISSED** for failing to meet applicable pleading standards, and that the two pending motions listed above [Doc. 11; Doc. 13] be **DENIED AS MOOT**.[1]

---

[1] In a separate order entered contemporaneously herewith, the Court grants Plaintiff's second amended IFP application [Doc. 7], terminates Plaintiff's original and first amended IFP applications [Doc. 1; Doc. 5], and grants in part and denies in part Plaintiff's Combined Motion for Relief from Clerk Error, Protective Order, to Strike, for Sanctions, and for Emergency Relocation Funding [Doc. 9].

### I. BACKGROUND

Plaintiff initiated this case by filing a complaint [Doc. 2] and an application for leave to proceed *in forma pauperis* ("IFP") [Doc. 1]. On April 24, 2025, the Court entered an Order explaining that, because Plaintiff was seeking IFP status, the Court was obligated to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) [Doc. 4]. In the order, the Court described deficiencies in Plaintiff's complaint and instructed him to file a proper amended complaint. Plaintiff was warned that if he failed to do so, his case would be dismissed based on his failure to prosecute and his failure to obey the Court's order [*id.* at Page ID # 61].

Plaintiff timely filed an amended complaint [Doc. 6]. It includes approximately 70 pages of exhibits, many of questionable relevance. For example, there is a copy of an email from Plaintiff to Defendant asking about the timing and procedure for team training. The email is accompanied by a handwritten note stating, "Plaintiff raised a question, next page the Plaintiff was assigned a teammate before even speaking with Outbound." [Doc. 6 at Page ID # 116]. The next page is an email from Defendant with the subject, "Welcome to Team01 – Ronald Pete . . . & Maurice Pinckney," which would appear to address Plaintiff's emailed question [*id* at Page ID # 117]. It is unclear how this seemingly innocuous email exchange relates to Plaintiff's claims in this case. In another email exchange, Plaintiff requests seven days off "once back at the terminal." [*Id.* at Page ID # 133]. He indicates that time will be "[r]oughly 30 to 33 days from now," and that he will "try and remember to put in a request two days prior." [*Id.*]. Defendant responds, "The request needs to be sent in 7 days prior" [*id.*]. This page includes the handwritten note, "the tone received in feedback," without any further explanation [*id.*].

The body of the amended complaint does not contain any allegations that could plausibly support a claim for any religion-based employment discrimination, retaliation, or hostile work

environment. Plaintiff does allege he is a "Black male," and that Defendant denied his requests for "reassignment due to safety and harassment concerns . . . while granting similar requests to White co-drivers" [*id* at Page ID # 91]. However, in the very next paragraph, he admits being reassigned, but then complains about being reassigned under a "re-teaming policy," instead of to a "sister company" [*id.*].

Regardless, on July 3, 2025, Plaintiff filed a new version of his complaint, titled, "Amended Complaint for Employment Discrimination, Retaliation, and Wrongful Termination." [2] [Doc. 14]. This version of the complaint, which the Court will refer to as the "Second Amended Complaint," supersedes the prior versions, and it serves as the operative pleading in this case. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted). The Court has nevertheless reviewed all of Plaintiff's filings in this case.

As noted in the April 24 order, the Second Amended Complaint is subject to screening under § 1915(e) before any summons may be issued. [*See* Doc. 4 at Page ID # 61 ("Plaintiff is further **NOTIFIED** that the Amended Complaint will be the sole operative complaint the Court considers, and therefore, it must be complete in itself. It may not incorporate or refer to any other filings in this case. The Amended Complaint will likewise be subject to screening under § 1915(e) before any summons may be issued.")].

---

[2] Also on July 3, 2025, Plaintiff submitted a separate document titled, "Jurisdiction Allegation." [Doc. 12]. Attached to the Jurisdiction Allegation document is a copy of Plaintiff's "right-to-sue" letter, issued from the Equal Employment Opportunity Commission [*id.* at Page ID # 226]. Other than the EEOC right-to-sue letter, the Jurisdiction Allegation document does not include any information different from or in addition to the information in the Second Amended Complaint.

3

## II. STANDARDS

As the Court previously explained in its April 24 order [Doc. 4], because Plaintiff is attempting to proceed IFP, the Court is required to screen his complaint before any summons are issued pursuant to 28 U.S.C. § 1915(e)(2), and to recommend dismissal if the action, or any portion of the action, is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Chase Manhattan Bank Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. PLAINTIFF'S SECOND AMENDED COMPLAINT

The Second Amended Complaint provides, in pertinent part:

> **I. INTRODUCTION**
>
> This civil action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Tennessee public policy. Plaintiff, Maurice Socrates Pinckney, alleges that he was subjected to unlawful race and religious discrimination, a hostile work environment, retaliation for engaging in protected activity, and wrongful termination by Defendant, Covenant Logistics Group, Inc.
>
> Plaintiff also brings a state common law claim for fraudulent and/or negligent misrepresentation related to Defendant's deceptive handling of his medical certification under Department of Transportation (DOT) regulations.
>
> Plaintiff seeks compensatory damages, punitive damages, equitable relief, attorney's fees, and other relief deemed just and proper.
>
> **II. JURISDICTION AND VENUE**
>
> 1. This Court has subject matter jurisdiction pursuant to:
>
>    o 28 U.S.C. § 1331 (federal question jurisdiction);

- 42 U.S.C. § 2000e-5(f)(3) (Title VII jurisdiction); and

- 28 U.S.C. § 1332 (diversity jurisdiction), as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District; and Defendant resides and conducts business here.

### III. PARTIES

3. **Plaintiff**, Maurice Socrates Pinckney, is an adult citizen of Pennsylvania and a Black male who practices a religious faith. He worked as a commercial truck driver for Defendant from July 26, 2024, until his termination on October 16, 2024.

4. **Defendant**, Covenant Logistics Group, Inc., is a Tennessee corporation headquartered in Chattanooga, Tennessee, and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

### IV. FACTUAL BACKGROUND

5. Plaintiff was hired by Defendant as a team truck driver on or about **July 26, 2024.**

6. From **August 2024**, Plaintiff was subjected to escalating racial and religious discrimination, including hostile comments, unequal treatment, and unfair disciplinary actions.

7. Plaintiff was a practicing religious believer who regularly engaged in prayer and moral expression, protected under Title VII. *See EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015).

8. Despite requesting reassignment due to harassment and unsafe work conditions, Plaintiff's requests were denied while similar accommodations were granted to White or non-religious coworkers.

9. On October 16, 2024, shortly after escalating internal complaints regarding discrimination and safety, Plaintiff was terminated for alleged "unsafe driving." Plaintiff asserts this was pretextual and retaliatory.

10. Defendant falsely claimed Plaintiff's DOT medical certification was invalid, forcing him to unnecessarily retake a medical exam despite having a valid certificate under 49 C.F.R. § 391.41, causing him financial loss, inconvenience, and emotional distress.

## V. CLAIMS FOR RELIEF

### COUNT I: Race and Religious Discrimination (Title VII)

(42 U.S.C. § 2000e-2)

11. Defendant discriminated against Plaintiff based on his race and religion by subjecting him to disparate treatment, harassment, and ultimately termination.

### COUNT II: Hostile Work Environment (Title VII)

(42 U.S.C. § 2000e-2)

12. Defendant's actions created a hostile work environment through pervasive and offensive behavior, which altered the conditions of Plaintiff's employment.

. . . .

### COUNT III: Retaliation (Title VII)

(42 U.S.C. § 2000e-3)

13. Plaintiff engaged in protected activity by reporting discrimination. His subsequent termination constitutes unlawful retaliation.

. . . .

### COUNT IV: Wrongful Termination in Violation of Tennessee Public Policy

14. Defendant's termination of Plaintiff was in retaliation for his complaints, violating public policy protections against retaliatory discharge under Tennessee law.

### COUNT V: Fraudulent and/or Negligent Misrepresentation (Tennessee Common Law)

15. Defendant misrepresented that Plaintiff's DOT medical certificate was invalid or unacceptable, leading Plaintiff to rely on false information to his detriment.

16. Plaintiff suffered economic and emotional harm as a direct result of this reliance.

. . . .

[Doc. 14 at Page ID # 235–38].

As with Plaintiff's original complaint, the Court finds Plaintiff has not alleged the existence of any direct evidence of discrimination, nor has he alleged any facts that would allow the Court to infer that he was discriminated against on account of his race or religion. He continues to make allegations that Defendant engaged in "escalating racial and religious discrimination, including hostile comments, unequal treatment, and unfair disciplinary actions," without providing any factual support whatsoever. [*See* Doc. 14 at Page ID # 236].

Really, the only details Plaintiff includes are that he was terminated for alleged unsafe driving, and that his reassignment requests were denied. But again, he offers no facts to support his conclusory allegation that the stated reason for his termination was pretextual. And, as mentioned above, the record reflects Plaintiff was, in fact, reassigned, and he offers no facts from which the Court can infer that the reassignment he received somehow constitutes an adverse employment action or that it was motivated by his race or religion. *See Grose v. Am. Airlines, Inc.*, No. 2:20-cv-02754, 2021 WL 1714245, at *3 (W.D. Tenn. Apr. 30, 2021) ("For a Title VII discrimination claim, Plaintiff must allege, and ultimately prove, that: (1) plaintiff is a member of a protected group; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the position; and (4) plaintiff was replaced by a person outside of the protected class or was treated differently from similarly situated members of the unprotected class." (citing *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 728–29 (6th Cir. 1999))). By way of example, Plaintiff does not claim Defendant or any of Defendant's employees were aware of his religious beliefs or that the reassignment he received interfered with or related in any way to Plaintiff's "prayer and moral expression." [Doc. 14 at Page ID # 236].

8

Plaintiff has previously been warned that vague allegations are insufficient to state a claim sufficient to survive screening under § 1915(e). His Second Amended Complaint nevertheless contains nothing more than "labels and conclusions," and "naked assertions" regarding his discrimination and retaliation claims. *See Twombly*, 550 U.S. at 555–57. In effect, Plaintiff asks the Court to "guess at" the basis for Plaintiff's claims, which is not permitted. *Fengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (citation omitted). Accordingly, Counts I, II, III, and IV of the Second Amended Complaint should be dismissed.

Plaintiff's claim related to the medical certificate (Count V) is also subject to dismissal. Plaintiff contends Defendant wrongfully required him to undergo an additional medical exam and certification from the Department of Transportation. *See* 49 C.F.R. § 391.41. Importantly, Defendant did not refuse to hire Plaintiff due to the results of this additional medical exam and certification. "If, at any time, a driver is no longer qualified to operate a motor vehicle, he is not permitted to continue driving." *Gaines v. West. Exp., Inc.*, No. 3-11-0452, 2011 WL 3703723, at *3 (M.D. Tenn. Aug. 22, 2011) (citing 49 C.F.R. § 391.11(a); *Yellow Freight Sys., Inc. v. Amestory*, 736 F. Supp. 44, 45 (D. Ver. 1990)). Applicable regulations "establish minimum standards for motor carrier safety by requiring drivers to undergo a medical examination *at least* every two years." *Id.* (citation omitted). "Nothing therein prohibits companies from enacting safer or more stringent standards to promote safety." *Id.* Accordingly, the court in *Gaines* rejected the plaintiff's argument that the defendant employer "wrongfully required him to . . . have the medical exam because he held a current medical certificate at the time of his application to work for Defendant." *Id.* The reasoning in *Gaines* is applicable to Plaintiff's claim in this case; that is, nothing in the regulations prohibits Defendant from requiring additional driver qualifications, including more frequent medical certifications than required by law. Plaintiff's Count V should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS**[3] that Plaintiff's claims, as set forth in his Second Amended Complaint, be **DISMISSED** in their entirety and this case **CLOSED**. This recommendation renders **MOOT** Plaintiff's Motion to Allow Late Filing of Proof of Service [Doc. 11] and his Motion for Leave to Re-Serve Defendant Due to Service Error & to Correct Defendant's Name, and to Refer Matter to Mediation [Doc. 13]. Accordingly, those motions [Doc. 11; Doc. 13] should be **DENIED**.

Plaintiff is **NOTIFIED** that the Court will not consider any further attempts by Plaintiff to amend his complaint, or to seek any other form of relief, until the presiding District Court Judge has considered the recommendations made herein and the § 1915(e) screening process is complete. Any such motions are subject to being summarily denied.

SO ORDERED.

ENTER:

/s/ *[signature]*
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).